IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONNIE LEON BRYANT**,

    Petitioner,

v.                                                                Civil Action No. **3:21CV426**

**MICHAEL CARNAJIA**,

    Respondent.

## **MEMORANDUM OPINION**

Ronnie Leon Bryant, a Virginia prisoner currently incarcerated in the Haynesville Correctional Center, has filed a petition for writ of habeas corpus "pursuant to 28 U.S.C. § 2255." (ECF No. 1 (capitalization corrected).) Bryant indicates that he is "seeking relief from a conviction and sentence imposed by the District of Columbia Superior Court" for "an unserved sentence to be serve[d] in the Federal Bureau of Prisons . . . upon release [from] his state impose[d] sentence." (*Id.* at 1.) From his submissions, it appears that Bryant has been continuously attempting to challenge his conviction and sentence in the District of Columbia courts. To the extent he wishes to pursue any further challenge, he may not do so here. Instead, Bryant must file a motion challenging his sentence in the District of Columbia courts where he was convicted and sentenced.[1]

---

[1] "A prisoner under a sentence imposed by the D.C. Superior Court may collaterally challenge the constitutionality of his conviction by moving in that court to vacate his sentence." *Upshur-Bey v. Stewart*, No. GLR–17–0144, 2018 WL 1583553, at *2 (D. Md. Apr. 2, 2018) (citing *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986). "Challenges to a D.C. Superior Court judgment of conviction must be pursued under D.C. Code § 23–100." *Id.* (citing *Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998).

Accordingly, Bryant's motion (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: July 27, 2021
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bryant has not satisfied this standard.